```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CLIFFORD C. BRIGGS,

                            Plaintiff,
                                                    10-CV-6184

                v.                                  **DECISION**
                                                    **and ORDER**
ROCHESTER ALUMINUM SMELTING, and
HUMAN RIGHTS OF ROCHESTER,

                            Defendants.
_____
```

## **INTRODUCTION**

Plaintiff Clifford Briggs("Plaintiff" or "Briggs") brings this action *pro se* against defendants Rochester Aluminum Smelting (hereinafter "Defendant" or "RAS") and "Human Rights of Rochester[1]", claiming employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000(e) to (e)-17 ("Title VII"). Specifically, Plaintiff alleges that RAS discriminated against him on the basis of his race by falsely blaming him for missing inventory, removing him from a position as "plate manager," and failing to give him increases in pay and/or benefits during the 16 years he worked for the Defendant and also claims he worked many years in unsafe conditions.

---

[1] By Decision and Order dated April 22, 2010, the Court (Hon. Richard Arcara) dismissed Plaintiff's claims against the defendant "Human Rights of Rochester". The Court found that it had no basis to exercise jurisdiction over claims against the State Division of Human Rights, and Plaintiff alleged no facts against the organization that stated a claim for relief. Therefore, any claims against the organization referred to as "Human Rights of Rochester" were dismissed. See Docket No. 4.

Defendant moves to dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. RAS contends that Plaintiff's allegations fail to state a claim for relief, and that Plaintiff failed to exhaust his administrative remedies with respect to his purported Title VII claims. Plaintiff has not opposed Defendant's motion, but has filed a motion for the appointment of counsel on his behalf. See Docket No. 7. For the reasons set forth below, Defendant's motion to dismiss is granted in-part and denied in-part. Plaintiff's request for the appointment of counsel is granted.

## BACKGROUND

Plaintiff Clifford Briggs essentially alleges in his Complaint that he worked for RAS for 16 years without benefits and in unsafe conditions. (See Complaint, p. 4). Plaintiff further alleges that his position as "plate manager[2]" was "moved" and given to another employee with "company benefits." (Id.). Briggs also alleges that the basis for his claims are "discrimination and job harassment." In identifying the specific conduct that gives rise to his claims, Plaintiff states that, "Jerry Golden blamed me for inventory lost, and no benefits, and discrimination, and work in unsafe conditions. Sandy Eveland with job harassment." (Id.).

---

[2] Based on the record, the Court believes Plaintiff is referring to his position as "Plant Manager."

The Court noted in its Decision and Order dated April 22, 2010, which allowed Plaintiff to proceed *in forma pauperis*, that Plaintiff "appears to be [asserting] an employment discrimination action under Title VII because [he] attached a 'right to sue' letter from the Equal Employment Opportunity Commission (EEOC)." (Docket No. 4, pg. 2). The Complaint also attaches a Decision from the Unemployment Insurance Appeals Board in connection with Plaintiff's application for and subsequent denial of unemployment insurance benefits. (See Docket No. 1). Although not attached to the Complaint, the Defendant has submitted to the Court a Determination and Order After Investigation, and a Final Investigation Report and Basis of Determination, issued by the New York State Division of Human Rights ("NYSDOH") in connection with Briggs' administrative complaint of employment discrimination against RAS. The NYSDOH found no probable cause for Plaintiff's complaint. (See Docket No. 10).

## DISCUSSION

### I. Motion to Dismiss Standard

Defendant moves to dismiss Plaintiff's Complaint under both Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant contends that the Court lacks subject matter jurisdiction to the extent the Court construes Plaintiff's Complaint to include claims for discrimination based upon grounds other than race because Plaintiff failed to timely exhaust his administrative remedies prior to filing a Title VII action.

Further, even if the Court has subject matter jurisdiction, Defendant argues that the Complaint must be dismissed because it does not state any plausible claim upon which relief may be granted.

"A case is properly dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Horton v. Williams, 2010 WL 3338920, *3 (N.D.N.Y. 2010) (quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). "In resolving a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." Id. (citation omitted). "A plaintiff asserting subject-matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Id. (citation omitted).

It is well settled that in deciding a motion to dismiss under Rule 12(b)(6), the court must "accept . . . all factual allegations in the complaint [as true] and draw . . . all reasonable inferences in the plaintiff's favor." See Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008) (internal quotation marks omitted). In order to withstand dismissal, therefore, a "complaint must contain sufficient factual matter, [], to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Supreme Court explained that the complaint "must

be enough to raise a right to relief above the speculative level." See id. at 1950. That is, there is no requirement for "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." See id.

The Second Circuit addressed the application of Ashcroft v. Iqbal, 129 S.Ct. 1937, to *pro se* pleadings and noted that, even after Bell Atlantic Corp. v. Twombly, 550 U.S. 544, a court is obligated to liberally construe *pro se* complaints. See DiPetto v. U.S., 2010 WL 2724463, *1 (2d Cir. 2010) (citing Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009)). Thus, while *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, the Court should read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest [claims] that they suggest." Id. (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks omitted).

Accordingly, dismissal without leave to amend a *pro se* complaint is generally disfavored and *pro se* plaintiffs typically should be afforded an opportunity to amend their complaints. See McCracken v. Brookhaven Science Associates LLC, 2010 WL 1879639, *1 (2d Cir. 2010) (citing McEachin v. McGuinnis, 357 F.3d 197, 200-01 (2d Cir. 2004)). Courts may dismiss *pro se* complaints only when the complaint lacks an arguable basis either in law or fact. See McEachin v. McGuinnis, 357 F.3d at 200-01. Where a colorable claim is made out, dismissal is improper. Id.

In deciding a 12(b)(6) motion, the Court is generally confined to "the allegations contained within the four corners of the complaint." See Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998). However, the Court may examine "any written instrument attached to [the complaint] or any statements or documents incorporated in it by reference" as well as any document on which the complaint heavily relies. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-153 (2d Cir. 2002).

"A court presented with a motion to dismiss under both Fed.R.Civ.P. 12(b)(1) and 12(b)(6) must decide the 'jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits, and therefore, an exercise of jurisdiction.'" See Coveal v. Consumer Home Mortgage, Inc., 2005 WL 2708388, *2 (E.D.N.Y. 2005) (quoting Magee v. Nassau County Med. Ctr., 27 F.Supp.2d 154, 158 (E.D.N.Y. 1998)); see also, Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990) (noting that a motion to dismiss for failure to state a claim may be decided only after finding subject matter jurisdiction).

For the reasons set forth below, I grant the Defendant's motion in-part with respect to Plaintiff's claim for unlawful discharge and deny the Defendant's motion in-part with respect to Plaintiff's claim for unequal pay under Title VII.

**II. The Court has subject matter jurisdiction.**

Defendant moves to dismiss Plaintiff's Complaint on the basis that Plaintiff failed to exhaust his administrative remedies, and

as a result, the Court lacks subject matter jurisdiction over Plaintiff's claims.  Specifically, Defendant argues that to the extent Plaintiff's Complaint is construed to include claims for something other than race-based discrimination, the claims must be dismissed because of Plaintiff's failure to exhaust administrative remedies prior to commencing suit.

It is well settled that a plaintiff must exhaust his administrative remedies prior to commencing suit under Title VII by (1) timely filing a charge with the EEOC or a corresponding state agency and (2) receiving a notice of right to sue.  See 42 U.S.C. § 2000e-5(f); see also, Vital v. Interfaith Med. Ctr., 168 F.3d 615, 619 (2d Cir. 1999) ("A complainant must file a charge against a party with the EEOC or an authorized state agency before the complainant can sue that party in federal court under Title VII."); Muhammad v. New York City Transit Authority, 450 F.Supp.2d 198, 205 (E.D.N.Y. 2006) ("A timely complaint with the EEOC is [] a precondition to filing a Title VII claim in federal court.") Moreover, "[a]lthough the exhaustion of administrative remedies through the filing with the EEOC is not a jurisdictional requirement, 'it remains . . . an essential element of Title VII's statutory scheme . . .'" Muhammad, *3 (quoting Francis v. City of New York, 235 F.2d 763, 768 (2d Cir. 2000)).

Here, there is no dispute that Plaintiff filed a charge with the appropriate State agency (the NYSDOH) related to his Title VII racial discrimination claims against RAS, and he was issued a Right

to Sue from the EEOC.  (See Docket No. 1).  Accordingly, Plaintiff has satisfied the essential pre-requisite to filing a Title VII lawsuit.

I find that, even liberally construing the Complaint and the attachments, Plaintiff has not asserted claims for unlawful discrimination based upon grounds other than race/color, and therefore, the Court need not reach the issue of whether it has jurisdiction to hear any claims other than the Title VII race discrimination claims against RAS.  Accordingly, Defendant's motion to dismiss the Complaint pursuant to Rule 12(b)(1) on the basis that the Court lacks subject matter jurisdiction is denied.

### III. Plaintiff's Title VII claims

Defendant also moves to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that it fails to state a claim upon which relief can be granted. Defendant contends that Plaintiff cannot establish a *prima facie* case of employment discrimination because he cannot support the essential elements of such a claim.

**A.  Plaintiff's Unlawful Discharge Claim Must be Dismissed.**

Title VII prohibits discrimination against any individual with respect to the "terms and conditions of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1); see also, Wards Cove Packing Co., Inc. v. Atonio, 490 U.S. 642, 645 (1989).  To establish a *prima facie* case of discrimination based on unlawful discharge, the plaintiff must

show that he: (1) was a member of a protected class; (2) was qualified for the position; (3) was discharged; and (4) the discharge occurred in circumstances giving rise to an inference of discrimination. See Rosen v. Thornburgh, 928 F.2d 528, 532 (2d Cir. 1991) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)).

Here, it is undisputed that Plaintiff, as an African-American male, is a member of a protected class. The Court has liberally construed the Complaint and documents and attachments provided therewith to conclude that Briggs was qualified for the position of Plant Manager, the duties of which he assumed in a "de facto" manner prior to his leaving his employment with RAS. The Complaint fails, however, to allege that Briggs was discharged by RAS. (See Docket No. 1).

Thus, without alleging that Plaintiff was unlawfully discharged, there can be no inference that Plaintiff's discharge was the result of unlawful discrimination. Accordingly, Plaintiff's claim for unlawful discharge must be dismissed without prejudice.

**B. Plaintiff has Stated a Claim for Unequal Pay under Title VII.**

Plaintiff's allegations that he was not fairly compensated for his work as a Plant Manager in violation of Title VII states a plausible claim upon which relief can be granted. "A claim for unequal pay for equal work under Title VII is generally analyzed under the same standards used in an [Equal Pay Act ("EPA")] claim."

Tomka v. Seiler Corp., 66 F.3d 1295, 1312 (2d Cir. 1995). Accordingly, to establish a *prima facie* case of unequal pay under Title VII, a plaintiff must show that: (1) he is a member of a protected class; (2) he was paid less than non-members of his class for work requiring substantially the same responsibility; and (3) discriminatory animus was the reason for the intentional salary discrimination. See Simpri v. New York City Agency for Children's Services, 2003 WL 169803, *2 (S.D.N.Y. 2003) (citing Belfi v. Prendergast, 191 F.3d 129, 139 (2d Cir. 1999); see also, Tomka, 66 F.3d at 1313.

In this case, Plaintiff claims that he acted as Plant Manager without the corresponding compensation and benefits. Further, Plaintiff alleges his position was "moved" or given to Sandra Eveland, a white female, who was afforded the title, compensation and benefits commensurate with the position.

Accordingly, when affording the Plaintiff the benefit of every favorable inference and liberally viewing the pleading and the documents submitted therewith, as the Court must do, Plaintiff has sufficiently stated a *prima facie* claim that he was subjected to salary discrimination on the basis of his race/color. Accordingly, Defendant's motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is denied with respect to Plaintiff's unequal pay claim pursuant to Title VII.

**IV.  Plaintiff's Motion for the Appointment of Counsel is Granted.**

"[I]n determining whether to appoint counsel for an indigent litigant [the Court] should first consider, 'whether the indigent's position seems likely to be of substance,' then assess the litigant's competence to proceed pro se, the complexity of the issues, and additionally 'any special reason in that case why appointment of counsel would be more likely to lead to a just determination.'"  Machadio v. Apfel, 276 F.3d 103, 107 -108 (2d Cir. 2002) (quoting Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986)).  Based on these settled principles and the record before me, I find that the appointment of counsel for Plaintiff is warranted.  Accordingly, I appoint Jill K. Schultz, Esq.  of the law firm, Burns & Schultz LLP, 28 East Main Street, Suite 900, Rochester, NY 14614, as counsel for Plaintiff Clifford C. Briggs.

Attorney Schultz is hereby authorized to utilize any member, associate, or para-professional of her firm in connection with her representation of Plaintiff in this matter.  Should Plaintiff prevail in this action, counsel may be entitled to attorney's fees.  Counsel may also be entitled to expenses pursuant to Rule 83.1(m) of the Local Rules of Civil Procedure.

Upon receipt of this Order, Plaintiff shall contact attorney Jill K. Schultz (585-672-2600) and arrange to meet with her at a mutually agreeable time.

**CONCLUSION**

For the reasons set forth above, the Court grants in-part the Defendant's motion to dismiss, and dismisses Plaintiff's claim for unlawful termination in violation of Title VII without prejudice. The Defendant's motion to dismiss Plaintiff's claim for unequal pay is denied. Plaintiff's motion for the appointment of counsel is granted.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated: Rochester, New York
September 14, 2010